Michael A. Shimokaji (Bar No. 94797)
Email: mshimokaji@shimokaji.com
Ivan Posey (Bar No. 196386)
Email: iposey@shimokaji.com
Songfong Tommy Wang (Bar No. 272409)
Email: tommywang@shimokaji.com
SHIMOKAJI & ASSOCIATES, P.C.
8911 Research Drive
Irvine, CA 92618
(949) 788-9961
(949) 788-9969 - fax

Attorneys for Plaintiff/Counterdefendant
K.H.S. Musical Instrument Co., Ltd.

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| K.H.S. MUSICAL INSTRUMENT CO., LTD., a Taiwan corporation,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>ULTIMATE SUPPORT SYSTEMS, INC., a Colorado corporation,<br><br>Defendant/Counterclaimant. | Civil Action No.: 11-CV-2455 JAK(Ex)<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>**District Court Judge**<br>**Honorable John A. Kronstadt** |

    The parties to this action anticipate exchanging financial documents, the identities of certain customers, and other confidential information. To facilitate such exchange, and to protect the unauthorized or unfair use of such information by the receiving party, the parties request the court enter a Protective Order pursuant to

F.R.Civ.P. Rule 26(c).  The agreed upon Order is attached hereto.

RESPECTFULLY SUBMITTED

DATED: July 26, 2011

SHIMOKAJI & ASSOCIATES, P.C.

/s/Ivan Posey

By:_____
MICHAEL A. SHIMOKAJI
IVAN POSEY
SONGFONG TOMMY WANG
Attorneys for Plaintiff/Counterdefendant
K.H.S. Musical Instrument Co., Ltd.

DATED: July 26, 2011

PLAGER SCHACK LLP

/s/Vito A. Canuso III/

By:_____
VITO A. CANUSO III
MARK H. PLAGER
Attorneys for Defendant/Counterclaimant
Ultimate Support Systems, Inc.

///
///
///
///
///
///
///
///
///
///
///

Reset Form

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

K.H.S. MUSICAL INSTRUMENT CO., LTD.,
a Taiwan corporation,

Case No. C   K.H.S. MUSICAL

12

Plaintiff,

PATENT LOCAL RULE 2-2 INTERIM
MODEL PROTECTIVE ORDER

13

v.

14

ULTIMATE SUPPORT SYSTEMS, INC., a
Colorado corporation,

15

Defendant.

16
17
18

1.      PURPOSES AND LIMITATIONS

19

Disclosure and discovery activity in this action are likely to involve production of

20

confidential, proprietary, or private information for which special protection from public

21

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

23

Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

24

all disclosures or responses to discovery and that the protection it affords from public disclosure

25

and use extends only to the limited information or items that are entitled to confidential treatment

26

under the applicable legal principles.  The parties further acknowledge, as set forth in Section

27

14.4 below, that this Stipulated Protective Order does not entitle them to file confidential

28

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not

2

1  be avoided by less restrictive means.

2      2.9   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

3  extremely sensitive "Confidential Information or Items" representing computer code and

4  associated comments and revision histories, formulas, engineering specifications, or schematics

5  that define or otherwise describe in detail the algorithms or structure of software or hardware

6  designs, disclosure of which to another Party or Non-Party would create a substantial risk of

7  serious harm that could not be avoided by less restrictive means.

8      2.10   House Counsel:   attorneys who are employees of a party to this action.

9  House Counsel does not include Outside Counsel of Record or any other outside counsel.

10      2.11   Non-Party:   any natural person, partnership, corporation, association, or

11  other legal entity not named as a Party to this action.

12      2.12   Outside Counsel of Record:   attorneys who are not employees of a party to

13  this action but are retained to represent or advise a party to this action and have appeared in this

14  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

15  that party.

16      2.13   Party:   any party to this action, including all of its officers, directors,

17  employees, consultants, retained experts, and Outside Counsel of Record (and their support

18  staffs).

19      2.14   Producing Party:   a Party or Non-Party that produces Disclosure or

20  Discovery Material in this action.

21      2.15   Professional Vendors:   persons or entities that provide litigation support

22  services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

23  organizing, storing, or retrieving data in any form or medium) and their employees and

24  subcontractors.

25      2.16   Protected Material:   any Disclosure or Discovery Material that is

26  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

28      2.17   Receiving Party:   a Party that receives Disclosure or Discovery Material

1   from a Producing Party.

2       3.    <u>SCOPE</u>

3           The protections conferred by this Stipulation and Order cover not only Protected
4   Material (as defined above), but also (1) any information copied or extracted from Protected
5   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any
6   testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected
7   Material.  However, the protections conferred by this Stipulation and Order do not cover the
8   following information:  (a) any information that is in the public domain at the time of disclosure
9   to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party
10   as a result of publication not involving a violation of this Order, including becoming part of the
11   public record through trial or otherwise; and (b) any information known to the Receiving Party
12   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
13   obtained the information lawfully and under no obligation of confidentiality to the Designating
14   Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

15       4.    <u>DURATION</u>

16           Even after final disposition of this litigation, the confidentiality obligations
17   imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing
18   or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)
19   dismissal of all claims and defenses in this action, with or without prejudice; and (2) final
20   judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or
21   reviews of this action, including the time limits for filing any motions or applications for
22   extension of time pursuant to applicable law.

23       5.    <u>DESIGNATING PROTECTED MATERIAL</u>

24       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
25   Each Party or Non-Party that designates information or items for protection under this Order must
26   take care to limit any such designation to specific material that qualifies under the appropriate
27   standards.  To the extent it is practical to do so, the Designating Party must designate for
28   protection only those parts of material, documents, items, or oral or written communications that

1  qualify – so that other portions of the material, documents, items, or communications for which

2  protection is not warranted are not swept unjustifiably within the ambit of this Order.

3  Mass, indiscriminate, or routinized designations are prohibited. Designations that

4  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

5  unnecessarily encumber or retard the case development process or to impose unnecessary

6  expenses and burdens on other parties) expose the Designating Party to sanctions.

7  If it comes to a Designating Party's attention that information or items that it

8  designated for protection do not qualify for protection at all or do not qualify for the level of

9  protection initially asserted, that Designating Party must promptly notify all other Parties that it is

10  withdrawing the mistaken designation.

11  5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

12  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

13  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

14  designated before the material is disclosed or produced.

15  Designation in conformity with this Order requires:

16  (a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but

17  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

18  Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

19  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

20  protected material. If only a portion or portions of the material on a page qualifies for protection,

21  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

22  appropriate markings in the margins) and must specify, for each portion, the level of protection

23  being asserted.

24  A Party or Non-Party that makes original documents or materials available for

25  inspection need not designate them for protection until after the inspecting Party has indicated

26  which material it would like copied and produced. During the inspection and before the

27  designation, all of the material made available for inspection shall be deemed "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

1   documents it wants copied and produced, the Producing Party must determine which documents,

2   or portions thereof, qualify for protection under this Order.  Then, before producing the specified

3   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

5   – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions

6   of the material on a page qualifies for protection, the Producing Party also must clearly identify

7   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

8   for each portion, the level of protection being asserted.

9           (b)  for testimony given in deposition or in other pretrial or trial proceedings, that

10  the Designating Party identify on the record, before the close of the deposition, hearing, or other

11  proceeding, all protected testimony and specify the level of protection being asserted.  When it is

12  impractical to identify separately each portion of testimony that is entitled to protection and it

13  appears that substantial portions of the testimony may qualify for protection, the Designating

14  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

15  a right to have up to 21 days to identify the specific portions of the testimony as to which

16  protection is sought and to specify the level of protection being asserted.  Only those portions of

17  the testimony that are appropriately designated for protection within the 21 days shall be covered

18  by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may

19  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

20  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY."

22          Parties shall give the other parties notice if they reasonably expect a deposition,

23  hearing, or other proceeding to include Protected Material so that the other parties can ensure that

24  only authorized individuals who have signed the "Acknowledgment and Agreement to Be

25  Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a

26  deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28          Transcripts containing Protected Material shall have an obvious legend on the title

1   page that the transcript contains Protected Material, and the title page shall be followed by a list

2   of all pages (including line numbers as appropriate) that have been designated as Protected

3   Material and the level of protection being asserted by the Designating Party.  The Designating

4   Party shall inform the court reporter of these requirements.  Any transcript that is prepared before

5   the expiration of a 21-day period for designation shall be treated during that period as if it had

6   been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety

7   unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

8   actually designated.

9              (c)   for information produced in some form other than documentary and for any

10  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

11  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

13  – SOURCE CODE."  If only a portion or portions of the information or item warrant protection,

14  the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify

15  the level of protection being asserted.

16             5.3   Inadvertent Failures to Designate.   If timely corrected, an inadvertent

17  failure to designate qualified information or items does not, standing alone, waive the Designating

18  Party's right to secure protection under this Order for such material.  Upon timely correction of a

19  designation, the Receiving Party must make reasonable efforts to assure that the material is

20  treated in accordance with the provisions of this Order.

21        6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

22             6.1   Timing of Challenges.   Any Party or Non-Party may challenge a

23  designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

24  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

25  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

26  right to challenge a confidentiality designation by electing not to mount a challenge promptly

27  after the original designation is disclosed.

28             6.2   Meet and Confer.   The Challenging Party shall initiate the dispute

7

1   resolution process by providing written notice of each designation it is challenging and describing

2   the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

3   written notice must recite that the challenge to confidentiality is being made in accordance with

4   this specific paragraph of the Protective Order.   The parties shall attempt to resolve each

5   challenge in good faith and must begin the process by conferring directly (in voice to voice

6   dialogue; other forms of communication are not sufficient) within 14 days of the date of service

7   of notice.  In conferring, the Challenging Party must explain the basis for its belief that the

8   confidentiality designation was not proper and must give the Designating Party an opportunity to

9   review the designated material, to reconsider the circumstances, and, if no change in designation

10  is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to

11  the next stage of the challenge process only if it has engaged in this meet and confer process first

12  or establishes that the Designating Party is unwilling to participate in the meet and confer process

13  in a timely manner.

14          6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without

15  court intervention, the Designating Party shall file and serve a motion to retain confidentiality

16  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21

17  days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

18  confer process will not resolve their dispute, whichever is earlier.  Each such motion must be

19  accompanied by a competent declaration affirming that the movant has complied with the meet

20  and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to

21  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

22  shall automatically waive the confidentiality designation for each challenged designation.  In

23  addition, the Challenging Party may file a motion challenging a confidentiality designation at any

24  time if there is good cause for doing so, including a challenge to the designation of a deposition

25  transcript or any portions thereof.  Any motion brought pursuant to this provision must be

26  accompanied by a competent declaration affirming that the movant has complied with the meet

27  and confer requirements imposed by the preceding paragraph.

28          The burden of persuasion in any such challenge proceeding shall be on the

Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

1    Agreement to Be Bound" (Exhibit A);

2              (d)  the court and its personnel;

3              (e)  court reporters and their staff, professional jury or trial consultants, and

4    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6              (f)  during their depositions, witnesses in the action to whom disclosure is

7    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

8    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

9    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

10   separately bound by the court reporter and may not be disclosed to anyone except as permitted

11   under this Stipulated Protective Order.

12             (g)  the author or recipient of a document containing the information or a custodian

13   or other person who otherwise possessed or knew the information.

14             7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15   ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless

16   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

17   Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

19             (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

20   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

21   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

22   Bound" that is attached hereto as Exhibit A;

23             (b)  Designated House Counsel of the Receiving Party (1) who has no involvement

24   in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

25   (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to

26   whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

27   _____

28   [1]  This Order contemplates that Designated House Counsel shall not have access to any
     information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

1   disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

2   primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

3   current employer(s), (5) identifies each person or entity from whom the Expert has received

4   compensation or funding for work in his or her areas of expertise or to whom the expert has

5   provided professional services, including in connection with a litigation, at any time during the

6   preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location

7   of court) any litigation in connection with which the Expert has offered expert testimony,

8   including through a declaration, report, or testimony at a deposition or trial, during the preceding

9   five years.

10          (b)   A Party that makes a request and provides the information specified in the

11   preceding respective paragraphs may disclose the subject Protected Material to the identified

12   Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

13   receives a written objection from the Designating Party.  Any such objection must set forth in

14   detail the grounds on which it is based.

15          (c)   A Party that receives a timely written objection must meet and confer with the

16   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

17   agreement within seven days of the written objection.  If no agreement is reached, the Party

18   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

19   provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

20   seeking permission from the court to do so.  Any such motion must describe the circumstances

21   with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the

22   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

23   suggest any additional means that could be used to reduce that risk.  In addition, any such motion

24   must be accompanied by a competent declaration describing the parties' efforts to resolve the

25   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

26

27   [2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert

28   shall be available to meet and confer with the Designating Party regarding any such engagement.

12

1   setting forth the reasons advanced by the Designating Party for its refusal to approve the

2   disclosure.

3           In any such proceeding, the Party opposing disclosure to Designated House

4   Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

5   would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

6   the Protected Material to its Designated House Counsel or Expert.

7       8.      PROSECUTION BAR

8           Absent written consent from the Producing Party, any individual who receives

9   access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

10  CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of

11  patents or patent applications relating to [insert subject matter of the invention and of highly

12  confidential technical information to be produced], including without limitation the patents

13  asserted in this action and any patent or application claiming priority to or otherwise related to the

14  patents asserted in this action, before any foreign or domestic agency, including the United States

15  Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution"

16  includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or

17  maintenance of patent claims.[3]  To avoid any doubt, "prosecution" as used in this paragraph does

18  not include representing a party challenging a patent before a domestic or foreign agency

19  (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

20  reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information

22  is first received by the affected individual and shall end two (2) years after final termination of

23  this action.

24      9.      SOURCE CODE

25          (a)     To the extent production of source code becomes necessary in this case, a

26  Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE"

27  if it comprises or includes confidential, proprietary or trade secret source code.

28
---
[3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

1         (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

2  CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

3  ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph

4  8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

5  ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and

6  7.4, with the exception of Designated House Counsel.

7         (c)     Any source code produced in discovery shall be made available for

8  inspection, in a format allowing it to be reasonably reviewed and searched, during normal

9  business hours or at other mutually agreeable times, at an office of the Producing Party's counsel

10  or another mutually agreed upon location. The source code shall be made available for inspection

11  on a secured computer in a secured room without Internet access or network access to other

12  computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of

13  the source code onto any recordable media or recordable device. The Producing Party may

14  visually monitor the activities of the Receiving Party's representatives during any source code

15  review, but only to ensure that there is no unauthorized recording, copying, or transmission of the

16  source code.

17         (d)  The Receiving Party may request paper copies of limited portions of source

18  code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

19  or other papers, or for deposition or trial, but shall not request paper copies for the purpose of

20  reviewing the source code other than electronically as set forth in paragraph (c) in the first

21  instance. The Producing Party shall provide all such source code in paper form, including bates

22  numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party

23  may challenge the amount of source code requested in hard copy form pursuant to the dispute

24  resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

25  "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

26  resolution.

27         (e)    The Receiving Party shall maintain a record of any individual who has

28  inspected any portion of the source code in electronic or paper form. The Receiving Party shall

14

1  maintain all paper copies of any printed portions of the source code in a secured, locked area.

2  The Receiving Party shall not create any electronic or other images of the paper copies and shall

3  not convert any of the information contained in the paper copies into any electronic format. The

4  Receiving Party shall only make additional paper copies if such additional copies are (1)

5  necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

6  expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

7  case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

8  end of each day and must not be given to or left with a court reporter or any other unauthorized

9  individual.

10      10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

11  OTHER LITIGATION

12      If a Party is served with a subpoena or a court order issued in other litigation that

13  compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

15  – SOURCE CODE," that Party must:

16      (a)  promptly notify in writing the Designating Party.  Such notification shall

17  include a copy of the subpoena or court order;

18      (b)  promptly notify in writing the party who caused the subpoena or order to issue

19  in the other litigation that some or all of the material covered by the subpoena or order is  subject

20  to this Protective Order.  Such notification shall include a copy of this Stipulated Protective

21  Order; and

22      (c)  cooperate with respect to all reasonable procedures sought to be pursued by

23  the Designating Party whose Protected Material may be affected.[4]

24      If the Designating Party timely seeks a protective order, the Party served with the

25  subpoena or court order shall not produce any information designated in this action as

26  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or

27  ───────────────

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this

28  Protective Order and to afford the Designating Party in this case an opportunity to try to protect
its confidentiality interests in the court from which the subpoena or order issued.

1  "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

2  which the subpoena or order issued, unless the Party has obtained the Designating Party's

3  permission.  The Designating Party shall bear the burden and expense of seeking protection in

4  that court of its confidential material – and nothing in these provisions should be construed as

5  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

6  another court.

7         11.    A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE

8  PRODUCED IN THIS LITIGATION

9         (a)    The terms of this Order are applicable to information produced by a Non-

10  Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

12  information produced by Non-Parties in connection with this litigation is protected by the

13  remedies and relief provided by this Order.  Nothing in these provisions should be construed as

14  prohibiting a Non-Party from seeking additional protections.

15         (b)    In the event that a Party is required, by a valid discovery request, to

16  produce a Non-Party's confidential information in its possession, and the Party is subject to an

17  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

18  Party shall:

19             1.    promptly notify in writing the Requesting Party and the Non-Party

20  that some or all of the information requested is subject to a confidentiality agreement with a Non-

21  Party;

22             2.    promptly provide the Non-Party with a copy of the Stipulated

23  Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

24  description of the information requested; and

25             3.    make the information requested available for inspection by the

26  Non-Party.

27         (c)    If the Non-Party fails to object or seek a protective order from this court

28  within 14 days of receiving the notice and accompanying information, the Receiving Party may

1   produce the Non-Party's confidential information responsive to the discovery request. If the

2   Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

3   in its possession or control that is subject to the confidentiality agreement with the Non-Party

4   before a determination by the court.[5]   Absent a court order to the contrary, the Non-Party shall

5   bear the burden and expense of seeking protection in this court of its Protected Material.

6        12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8   Protected Material to any person or in any circumstance not authorized under this Stipulated

9   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

10   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

11   the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

12   made of all the terms of this Order, and (d) request such person or persons to execute the

13   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14        13.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE

15   PROTECTED MATERIAL

16           When a Producing Party gives notice to Receiving Parties that certain

17   inadvertently produced material is subject to a claim of privilege or other protection, the

18   obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

19   26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

20   an e-discovery order that provides for production without prior privilege review. Pursuant to

21   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

22   disclosure of a communication or information covered by the attorney-client privilege or work

23   product protection, the parties may incorporate their agreement in the stipulated protective order

24   submitted to the court.

25        14.    MISCELLANEOUS

26           14.1   Right to Further Relief.  Nothing in this Order abridges the right of any

27

28   [5] The purpose of this provision is to alert the interested parties to the existence of confidentiality
rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
interests in this court.

1  person to seek its modification by the court in the future.

2  14.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

3  Protective Order no Party waives any right it otherwise would have to object to disclosing or

4  producing any information or item on any ground not addressed in this Stipulated Protective

5  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

6  the material covered by this Protective Order.

7  14.3  <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all

8  applicable laws and regulations relating to the export of technical data contained in such

9  Protected Material, including the release of such technical data to foreign persons or nationals in

10  the United States or elsewhere.  The Producing Party shall be responsible for identifying any such

11  controlled technical data, and the Receiving Party shall take measures necessary to ensure

12  compliance.

13  14.4  <u>Filing Protected Material</u>.  Without written permission from the

14  Designating Party or a court order secured after appropriate notice to all interested persons, a

15  Party may not file in the public record in this action any Protected Material.  A Party that seeks to

16  file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected

17  Material may only be filed under seal pursuant to a court order authorizing the sealing of the

18  specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue

19  only upon a request establishing that the Protected Material at issue is privileged, protectable as a

20  trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to

21  file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then

22  the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

23  Rule 79-5(e) unless otherwise instructed by the court.

24  15.  <u>FINAL DISPOSITION</u>

25  Within 60 days after the final disposition of this action, as defined in paragraph 4,

26  each Receiving Party must return all Protected Material to the Producing Party or destroy such

27  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

28  compilations, summaries, and any other format reproducing or capturing any of the Protected

18

1   Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

2   submit a written certification to the Producing Party (and, if not the same person or entity, to the

3   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

4   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

5   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

6   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

7   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

8   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

9   product, and consultant and expert work product, even if such materials contain Protected

10   Material.  Any such archival copies that contain or constitute Protected Material remain subject to

11   this Protective Order as set forth in Section 4 (DURATION).

12

13

14   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15   DATED: 7/26/2011      /s/Ivan Posey/

16   _____      Attorneys for Plaintiff

17

18   DATED: 7/26/2011      /s/Vito A. Canuso III/

19   _____      Attorneys for Defendant

20   PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22   DATED: 7/26/11

23   [Name of Judge] CHARles F. Eick

24   United States District/Magistrate Judge

25

26

27

28

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                      [signature]